IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| DOUGLAS W. SINGLETARY, | : | PRISONER CIVIL RIGHTS |
| Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | |
| | : | |
| CAPTAIN BANDY, et al., | : | CIVIL ACTION NO. |
| Defendants. | : | 2:10-CV-0115-RWS |

**ORDER**

Plaintiff, Douglas W. Singletary, presently confined in the Hall County Detention Center in Gainesville, Georgia, previously was granted in forma pauperis status in this 42 U.S.C. § 1983 action. The matter is now before the Court on the complaint (Doc. No. 1), as amended (Doc. No. 7), for screening under 28 U.S.C. § 1915A.

**I.     28 U.S.C. § 1915A Standard**

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint against a governmental entity, employee, or official to determine whether the action: (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) & (2). A claim is frivolous when it "lacks an arguable basis either in law or in fact." Miller v. Donald, 541 F.3d

1091, 1100 (11th Cir. 2008). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . statement of facts that merely creates a suspicion [of] a legally cognizable right of action").

In reviewing whether a plaintiff has stated a claim, the court presumes the truth of a plaintiff's non-frivolous factual allegations, construing them favorably to the plaintiff. See Sibley v. Lando, 437 F.3d 1067, 1070 (11th Cir. 2005); see also Denton v. Hernandez, 504 U.S. 25, 33 (1992) (discussing court's authority to disregard frivolous factual allegations). Further, the court holds pro se pleadings to a less stringent standard than pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). "Courts do and should show a leniency to *pro se* litigants not enjoyed by those with the benefit of a legal education. Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." GJR Invs., Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted),

overruled on other grounds as recognized in Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010). A plaintiff must allege facts sufficient to show a recognized legal claim, and the court cannot read into a complaint non-alleged facts. Beck v. Interstate Brands Corp., 953 F.2d 1275, 1276 (11th Cir. 1992).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission (1) deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States and (2) was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because the plaintiffs' factual allegations were insufficient to support the alleged constitutional violation); see also 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in § 1915A "shall" be dismissed on preliminary review).

## II.   Discussion

Plaintiff brings this action against Captain Bandy, First Lieutenant Woods, Head Nurse Diane, Nurse Jody, Sargent Joy Mayfield, and Sargent Miller, who work at the

3

Hall County Detention Center. (Doc. No. 1 ¶ III; Doc. No. 7 ¶ III.) Plaintiff presents eleven claims regarding general prison conditions, lock down, medical care, the grievance system, retaliatory conduct, and legal mail supplies. (Doc. No. 1 ¶ IV; Doc. No. 7 ¶ IV.) Plaintiff's claims are presented more fully below. Plaintiff seeks damages and injunctive relief. (Doc. No. 1 ¶ V; Doc. No. 7 ¶ V.)

### A. Hygiene Products

Plaintiff complains that Captain Bandy and Lt. Woods do not provide him with adequate hygiene products – Plaintiff appears to assert that once a month he receives a three-ounce bar of soap, one tooth brush, one 0.6 ounce tube of toothpaste, and no deodorant. (Doc. No. 1 ¶ IV, Claim I.)[1] Plaintiff complains that he shares a nine by sixteen foot cell with another inmate, and he receives an inadequate amount of hygiene products for living in "this close range," for "at least 21 hours a day." (Doc. No. 7 ¶ IV, Claim II.)

The Eighth Amendment prohibits deliberate indifference to prison conditions that deprive an inmate of essential human needs such as food, clothing, shelter,

---

[1] Plaintiff also complains that Captain Bandy and Lt. Woods only provide him with one sheet of paper and one envelope per month. (Doc. No. 1 ¶ IV, Claim 1.) Absent any concrete factual claim that Plaintiff's First Amendment rights have actually been infringed upon, the Court perceives no constitutional violation in these allegations.

4

medical care, and reasonable safety. Helling v. McKinney, 509 U.S. 25, 31-32 (1993). To state an Eighth-Amendment prison-conditions claim, the plaintiff must allege: (1) prison conditions that are "sufficiently serious" and (2) deliberate indifference by the defendant prison official. Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004). "Negligence does not suffice to satisfy this standard." Id. A prison official is deliberately indifferent if he or she "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). The conditions alleged must be extreme, resulting in a denial of "the minimal civilized measure of life's necessities" and posing an excessive or substantial risk of serious harm. Id. at 834.

This claim is without merit because the conditions alleged by Plaintiff – involving the monthly allotment of hygiene products – simply do not pose an excessive or substantial risk of serious harm.

### B. Lock Down

Plaintiff complains that Captain Bandy and Lt. Woods are violating his constitutional rights because prisoners are locked down twenty-one to twenty-three hours a day, they receive one to three hours in the day room, and they do not receive one hour of outside recreation a day. (Doc. No. 1 ¶ IV, Claim II.) Plaintiff further

5

complains that his cell has no air circulating because "they don't have the air condition[er] on." (Doc. No. 7 ¶ IV, Claim II.)

"[T]he complete denial . . . of outdoor exercise, although harsh, [does] not violate the Eighth Amendment." Bass v. Perrin, 170 F.3d 1312, 1317 (11th Cir. 1999). However, the constitutional minimum is satisfied by an hour of indoor exercise daily. Wilkerson v. Maggio, 703 F.2d 909, 912 (5th Cir. 1983); see also Wilson v. Blankenship, 163 F.3d 1284, 1287 (11th Cir. 1998) (rejecting pre-trial detainee's claim regarding lack of exercise that allegedly caused stress, weight gain, and high blood pressure and finding "no clearly established constitutional law requir[ing] that Wilson have immediate access to outdoor exercise . . . where no such facilities existed, and his confinement at [the allegedly inadequate facility] was brief"). The provision of sufficient indoor space "to do exercises such as push-ups, sit-ups, or jogging in place" does not offend a pretrial detainee's constitutional rights. Wilson, 163 F.3d at 1293. Further, concrete housing units with a manual vent system, no air-conditioning or circulating fans, summer-time temperatures that range between eighty to eighty-six degrees and that rise to more than ninety degrees for nine percent of the summer (comparable to "a residential setting in Florida in a building that is not air-conditioned"), generally, do not offend the constitution. Chandler, 379 F.3d at 1283-

6

85, 1297-98 (noting that heat may be offset by other factors such as the prisoner's ability to wear little clothing, access to water, freedom from prison labor requirements, etc.); Wallace v. Hamrick, 229 F. App'x. 827, 832 (11th Cir. 2007) (holding that a claim of "no ventilation" states an Eighth Amendment claim).

This claim fails because Plaintiff is allowed out of his cell for one to three hours a day, and may use the space in the day room to perform various exercises. Further, Plaintiff's brief allegation that there is no air circulating because the air conditioner is turned off – which does not indicate the lack of any ventilation – is insufficient to state an Eighth Amendment claim.

### C. Claims Against no Particular Defendant

Plaintiff asserts, against no particular Defendant, (1) that prisoners urinate in the showers in the day room and that the showers are not properly cleaned, (2) that food trays have dishwasher water and the plastic is peeling and sometimes mixes with the food, (3) that two inmates share a nine by sixteen foot room and only receive cleaning supplies one time a month, (4) that there are bugs and insects in the showers and rooms, (5) that officers do not do routine (every thirty minutes or one hour) cell checks, and (6) that officers curse and ignore him and influence other inmates to act

7

aggressively toward him. (Doc. No. 1 ¶ IV, Claims III - V, VII, VIII, ; Doc. No. 7 ¶ IV, Claim IV.)

Even if a Plaintiff alleges a constitutional violation, a complaint fails to state a claim against a defendant when it "fails to allege facts that associate [the defendant] with [the alleged] violation." Douglas v. Yates, 535 F.3d 1316, 1322 (11th Cir. 2008) Here, the claims listed immediately above fail because Plaintiff does not connect the alleged wrongs with any defendant. See id. ("[A] complaint will be held defective . . . if [it] fails to connect the defendant with the alleged wrong.").

### D.   The Grievance System

Plaintiff complains that the "kiosk" grievance system is not properly run, the Captain does not answer grievances, someone has written frivolous letters using his access information, and his "box" has been terminated. (Doc. No. 1 ¶ IV, Claim VI; Doc. No. 7 ¶ IV, Claim V.)

A prisoner has no independent constitutional right to the provision of, or proper functioning of, a prison's administrative remedy program. See Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991) (concluding "that the federal regulations providing for an administrative remedy procedure do not in and of themselves create a liberty interest in access to that procedure"); see also Baker v. Rexroad, 159 F. App'x 61, 62 (11th

8

Cir. 2005) (favorably citing <u>Flick</u> in determining that state inmate grievance procedures did not create a constitutionally protected interest).

This claim fails because the inadequate functioning of a grievances system does not present a constitutional issue.

### E. Medical Care

Plaintiff contends that medical refuses to provide him with adequate medical care. (Doc. No. 1 ¶ IV, Claim IX.) Plaintiff's conclusory statement does not state a claim and, further, it fails because he does not allege any unconstitutional action by any named Defendant. See <u>Douglas</u>, 535 F.3d at 1322.

### F. Retaliation

Plaintiff complains that the "Administration" has labeled him a trouble maker, mistreats him (in non-specified ways), and maliciously has taken his "good time" in retaliation for his submitting verbal and written complaints regarding prison conditions. (Doc. No. 7 ¶ IV, Claim I.) Plaintiff further complains that Sargent Mayfield, in retaliation for his having filed a civil complaint, has refused to provide

9

him a manilla envelope for mailing legal mail and advised him to use a regular envelope.[2]  (Doc. No. 1 ¶ IV, Claim I; Doc. No. 7 ¶ IV, Claims II, III.)

The First Amendment protects the rights to freedom of speech and "to petition the Government for a redress of grievances." U.S. Const. amend. I.  To state a First Amendment retaliation claim under § 1983, a plaintiff must allege that: "(1) his speech was constitutionally protected; (2) the inmate suffered adverse action such that the [official's] allegedly retaliatory conduct would likely deter a person of ordinary firmness from engaging in such speech; and (3) there is a causal relationship between the retaliatory action and the protected speech." Smith v. Mosley, 532 F.3d 1270, 1276 (11th Cir. 2008) (citing Bennett v. Hendrix, 423 F.3d 1247, 1250, 1254 (11th Cir. 2005)).  To show retaliatory intent, a plaintiff may provide factual allegations that directly show such intent.  However, when factual allegations of direct retaliatory intent are not possible, allegations of retaliation and a "chronology of events which may be read as providing some support for an inference of retaliation" are sufficient to state a claim.  McDonald v. Hall, 610 F.2d 16, 18 (1st Cir.1979) (favorably cited in

---

[2] Plaintiff states that he had to mail his amended complaint in a regular envelope (which complaint the Court received).  (Doc. No. 7, Attach.)  As stated earlier, Plaintiff's statement that he receives only one sheet of paper and one envelope per month does not state a claim without any concrete factual allegations regarding a First Amendment right.  See footnote 1, supra.

10

Bridges v. Russell, 757 F.2d 1155, 1157 (11th Cir. 1985), and later declined to be followed on other grounds in Adams v. Wainwright, 875 F.2d 1536, 1537 (11th Cir. 1989)).  Retaliatory intent "rarely can be supported with direct evidence of intent that can be pleaded in a complaint [and] courts have found sufficient complaints that allege a chronology of events from which retaliation may be inferred."  Murphy v. Lane, 833 F.2d 106, 108 (7th Cir. 1987) (citations omitted).  "Conversely, alleging merely the ultimate fact of retaliation is insufficient."  Id.

The Court finds that Plaintiff's claims of retaliation by Sargent Mayfield fails because being forced to use a regular envelope for legal mail would not deter a person of ordinary firmness from submitting legal pleadings with a court.  Further, Plaintiff's claim of retaliation by the "Administration" – construed as a claim against Captain Bandy and Lt. Woods – fails because he alleges no facts that show an intent to retaliate and alleges no chronology of events that suggests an intent to retaliate.  Plaintiff's conclusory assertion of retaliatory intent is insufficient to state a claim.

11

### III. Conclusion

For the reasons stated above,

**IT IS ORDERED** that, pursuant to 28 U.S.C. § 1915A, this entire action is **DISMISSED** for failure to state a claim.

**IT IS SO ORDERED**, this  18th  day of October, 2010.

 

**RICHARD W. STORY**
United States District Judge